**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY,

    Plaintiff,

vs.                                                  Case No. _____

MIGUEL PICAZO, BRYCE GOMEZ, THE ESTATE OF JAKOB MONTOYA, and THE ESTATE OF KAYDEN MONTOYA,

    Defendants.

## GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY'S COMPLAINT FOR INTERPLEADER

Plaintiff, Garrison Property and Casualty Insurance Company (Garrison), by and through its attorneys, Riley, Shane & Keller, P.A. (Courtenay L. Keller), brings this action in the nature of interpleader pursuant to 28 U.S.C. Sections 1332 and 1335 and Rule 22 of the Federal Rules of Civil Procedure in order to resolve conflicting claims to the proceeds of two personal auto policies issued by Garrison. Garrison concurrently tenders the combined limits of two policies in the amount of $150,000.00 (one hundred fifty thousand dollars and zero cents), and requests that the Defendants be required to interplead and establish their claims against Garrison's insureds and their entitlement to, and proportionate share of, the policy proceeds. In support, Garrison states the following:

### JURISDICTIONAL ALLEGATIONS

1.     Garrison is a non-resident insurer organized and existing under the laws of Texas with its principal place of business in Austin, Texas, which was authorized under New Mexico law at all material times to do business in the State of New Mexico.

2. Upon information and belief Defendant Miguel Picazo is not a minor and is a resident of New Mexico. Defendant Picazo is represented by counsel.

3. Upon information and belief Defendant Bryce Gomez is not a minor and is a resident of New Mexico. Upon information and belief, Defendant Gomez is not represented by counsel.

4. At the time of his death, Jakob Montoya was a resident of New Mexico. To date, counsel for the Estate of Jakob Montoya has not informed Garrison who will serve as the personal representative for the Estate in a wrongful death action. The Estate of Jakob Montoya is represented by counsel.

5. At the time of his death, Kayden Montoya was a resident of New Mexico. To date, counsel for the Estate of Kayden Montoya has not informed Garrison who will serve as the personal representative for the Estate in a wrongful death action. The Estate of Kayden Montoya is represented by counsel.

6. The conflicting claims of the Defendants herein have a common origin, that is, a motor vehicle accident that occurred in the City of Albuquerque, County of Bernalillo, State of New Mexico on November 21, 2018.

7. The United States District Court has original, diversity jurisdiction over this civil action pursuant to 28 U.S.C. Section 1332 because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. The United States District Court has original jurisdiction over this civil action in the nature of interpleader pursuant to 28 U.S.C. Section 1335 because Garrison issued two personal auto policies with combined per accident liability policy limits in the amount of $150,000.00, multiple Defendants are claiming or may claim to be entitled to a portion of the fund, and Garrison has

tendered, and is prepared to deposit upon issuance of this Court's Order, the sum of $150,000.00 into the registry of the Court, there to abide the judgment of the Court.

9. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(2) and (3) and 28 U.S.C. Section 1397.

## GENERAL ALLEGATIONS

### *The Subject Accident*

10. At approximately 10:00 p.m. on November 21, 2018, the Defendants were involved in a motor vehicle accident at the intersection of Universe Blvd., NW and Irving Blvd., NW (the subject accident).

11. According to the Uniform Crash Report prepared by the Albuquerque Police Department:

   a. Jakob Montoya was driving a white 2011 Nissan Altima eastbound on Irving Blvd. NW;

   b. Kayden Montoya was a passenger in the Nissan driven by Jakob Montoya;

   c. Dominic Martinez was driving a black 2015 Chevrolet Camaro westbound on Irving Blvd. NW;

   d. Miguel Picazo was the front passenger in the Chevrolet driven by Dominic Martinez;

   e. Bryce Gomez was a rear passenger in the Chevrolet driven by Dominic Martinez;

   f. According to a witness, Jakob Montoya began to turn northbound onto Universe Blvd. NW;

   g. According to a witness, Dominic Martinez was driving westbound on Irving at "a high rate of speed" and crashed into the Nissan driven by Jakob Montoya.

12. Upon information and belief, as a result of the collision, Jakob Montoya and Kayden Montoya were killed and Miguel Picazo and Bryce Gomez were seriously injured.

13. Upon information and belief, as a result of the injuries sustained in the subject accident, Miguel Picazo underwent surgery, was hospitalized for an extended period of time, sustained permanent scarring, and has incurred approximately $85,000.00 in medical expenses.

14. Upon information and belief, as a result of the injuries sustained in the subject accident, Bryce Gomez underwent orthopedic surgery, was hospitalized for an extended period of time, sustained permanent scarring, and has incurred approximately $87,000.00 in medical expenses.

15. Each of the Defendants herein have asserted, or may assert, a claim for damages against Garrison's insureds.

16. The scope and extent of damages sustained by all Defendants herein is unknown, but the total amount of damages is believed to exceed the available policy limits.

17. Garrison makes no admission herein concerning the alleged negligence or liability of its insureds.

18. Garrison makes no admission concerning the value of any Defendant's claim for damages or the proportionate share of the fund to which any Defendant is entitled.

19. Upon information and belief, some of the Defendants herein have retained legal counsel in connection with their claims for damages arising from the subject accident.

20. Garrison has attempted to reach an agreement on the distribution of the fund among each of the claimants, but there is disagreement among the claimants as to the proportionate share of the fund to which they are entitled.

### *The Garrison Insurance Policies*

21. Garrison issued a personal auto policy (No. 2845 11 37R 7101 5) (the Flores policy) to its named insured, Desiree N. Flores (Flores), for the policy period of 10/08/18 to 04/09/19, with a per person liability limit of $25,000.00 (twenty five thousand dollars and zero cents) and a per accident liability limit of $50,000.00 (fifty thousand dollars and zero cents).

22. The Flores Policy listed the 2015 Chevrolet Camaro driven by Dominic Martinez that was involved in the subject accident as an insured vehicle and listed Flores as the sole "operator".

23. Garrison issued a personal auto policy (No. 2558 40 45R 7101 6) (the Martinez policy) to its named insured, Frank C. Martinez (Martinez), for the policy period of 09/25/18 to 10/20/18, with a per person liability limits of $50,000.00 (fifty thousand dollars and zero cents) and a per accident liability limit of $100,000.00 (one hundred thousand dollars and zero cents).

24. The Martinez Policy lists Dominic J. Martinez as an "operator", but does not list the 2015 Chevrolet Camaro involved in the subject accident.

25. The combined liability limits available under both policies constitutes a fund of $150,000.00 for bodily injury and wrongful death caused by an accident.

26. Garrison acknowledges its duty to pay on behalf of its insureds, pursuant to the terms of the policies, compensatory damages for bodily injury for which any covered person becomes legally liable because of an auto accident. Notwithstanding any coverage defenses, Garrison has agreed to tender the combined policy limits under the two policies to the multiple claimants in exchange for a release of claims against its insureds.

27. Garrison has attempted to reach an agreement on the distribution of the fund among each of the claimants, but there is disagreement among the claimants as to the proportionate share of the fund to which they are entitled.

## COUNT I – ACTION IN THE NATURE OF INTERPLEADER

28. The Defendants' claims for bodily injury and/or wrongful death against Garrison's insureds arise from a single subject motor vehicle accident.

29. Although it makes no admission herein concerning the alleged negligence or liability of its insureds, Garrison acknowledges that the circumstances of the subject accident were such that a jury might determine that legal liability existed on the part of Garrison's insureds for bodily injuries and wrongful death sustained by some or all of Defendants.

30. Garrison further acknowledges the aggregate damages sustained by the Defendants in this case may exceed the liability limits available under the Garrison policies.

31. Insofar as any of the Defendants herein have claims against the fund, Garrison submits its insureds may be subjected to multiple, mutually exclusive, and conflicting claims by two or more Defendants, a multiplicity of suits arising out of the subject accident, and inconsistent judgments, the outcome of which will not properly determine the manner in which the limited fund should be apportioned among the several claimants.

32. All of the Defendants have independent yet competing claims to the fund, and the fund may not be large enough to satisfy them all.  Because each Defendant has an interest in reducing or defeating altogether the claim of some or all of the other Defendants, Defendants' claims are adverse to each other.

33. Due to the multiple and conflicting claims of the Defendants, Garrison is in doubt as to which Defendants are entitled to be paid in what amounts, and cannot safely pay claims under the above-referenced policy without risk of excess exposure to its insureds.

34. Garrison seeks a detached and orderly resolution of the competing claims to the fund.

35. In order to assist with proper allocation and distribution of the fund among the various claimants, and to avoid unjust or disproportionate distribution, Garrison seeks to compel each of the Defendants to interplead and establish their claims against Garrison's insureds and their entitlement to, and proportionate share of, the fund.

36. Upon this Court's Order, Garrison will deposit into the registry of this Court the full amount of the available policy limits in the amount of $150,000.00, which represents the total available policy limits for bodily injury and wrongful death claims arising from the subject accident, and will abide by the order and judgment of this Court concerning distribution of the fund.

37. Garrison, by filing this interpleader action and by depositing the interpled funds, makes no admission as to: (a) fault or liability of its insureds; (b) the value of any Defendant's damages; or (c) entitlement of any Defendant to exhaust the fund without regard to the other Defendants' claimed damages.

38. Garrison expressly alleges herein that the aggregate amount owed to each claimant in this case is in dispute and must be established by each of the claimants, and makes no admission that the amount deposited is due and owing to any or all of the Defendants.

39. To the extent that each Defendant interpleads and establishes his or her entitlement to policy proceeds as compensation for damages sustained in the subject accident, Garrison has no interest in the policy proceeds and is a disinterested stakeholder.

40. Garrison expressly asserts that neither it nor its insureds are liable to pay compensatory damages to any Defendant who fails to appear herein, interplead, and establish their claim for damages.

## COUNT II – REQUEST FOR INJUNCTIVE RELIEF

41. Garrison asks the Court to require all Defendants to interplead and establish their claims against Garrison's insureds and their entitlement to any portion of the fund in this proceeding and in no other.

42. Garrison asks this Court to restrain the claimants from instituting or prosecuting any proceeding affecting the fund and from seeking to enforce against Garrison any judgment obtained against its insureds, except in this interpleader proceeding pursuant to 28 U.S.C. Section 2361.

43. A race to judgment in other proceedings brought by any of the Defendants poses a risk of unfairness to the claimants, difficulties for Garrison in allocating and distributing the fund, and excess exposure to Garrison's insureds, which is one of the principal evils that the interpleader device was intended to remedy.

44. Therefore, issuance of the requested injunctive relief is necessary in aid of this Court's exercise of jurisdiction in this matter and to protect and effectuate this Court's judgment. 28 U.S.C. Section 2283.

WHEREFORE, Garrison respectfully requests that: (1) each of the Defendants be ordered and commanded to interplead and establish their claims against Garrison's insureds and their entitlement to and proportionate share of the fund; (2) the Court enter an order enjoining and restraining each and all of the Defendants from instituting or prosecuting further any proceeding arising out of the accident in which they seek to recover from the fund; (3) the Court enter an order

granting Garrison leave to deposit with the Court $150,000.00, which represents the full amount of combined policy limits, pursuant to Rule 67; (4) the Court enter an order directing the proper distribution of the fund to any or all of the Defendants herein; and (5) the Court grant such other and further relief as this Court deems appropriate under the circumstances.

Respectfully submitted,

**RILEY, SHANE & KELLER, P.A.**

By: */s/ Courtenay L. Keller (electronically filed)*
    **COURTENAY L. KELLER**
    *Attorneys for Plaintiff*
    *Garrison Property and Casualty Insurance Company*
    3880 Osuna Road NE
    Albuquerque, NM 87109
    (505) 883-5030

The undersigned hereby certifies that on the 22nd day of July, 2019, a copy of the foregoing was electronically filed through the CM/ECF system, which caused participating CM/ECF counsel to be served with same by electronic means.

By: */s/ Courtenay L. Keller (electronically filed)*
    **COURTENAY L. KELLER**